**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD NORMAN HESTER,

     Plaintiff - Appellant,

v.

S.M.R. JEWELL, Secretary, Department
of Interior Agency; VINCENT G.
LOGAN, Special Trustee for American
Indians Office of Special Trustee;
MICHELLE F. SINGER, Principal
Deputy Special Trustee Office of Special
Trustee,

     Defendants - Appellees.

No. 13-4142
(D.C. No. 2:13-CV-00106-DAK)
(D. Utah)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.


     * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Donald Hester appeals the district court's dismissal of his employment discrimination complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Hester alleges that he submitted employment applications for five separate positions with the Office of the Special Trustee ("OST"), part of the Department of the Interior ("DOI"), but was not selected for any of them. Each of the job postings to which Hester responded indicated that they were subject to the "Indian Preference." Under 25 U.S.C. § 472, the Secretary of the Interior may establish standards under which "qualified Indians shall . . . have the preference to appointment to vacancies in" the "Indian Office." The job postings identified 5 C.F.R. § 213.3112(a)(7) as authorizing application of the preference to the specific positions. Hester claims that the OST is not permitted to apply the preference except within a specific office not relevant to this case, and that doing so outside of that office violates Title VII of the Civil Rights Act of 1964.

After unsuccessfully seeking relief with the Equal Employment Opportunity Commission, Hester filed a pro se complaint in federal district court. He requested appointment of counsel, certification of a class of similarly situated applicants, and an award of damages. A magistrate judge issued a Report and Recommendation ("R & R") recommending that the complaint be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Over Hester's objections, the district court

adopted the R & R and dismissed the complaint with prejudice. Hester timely appealed.

**II**

We review de novo the district court's decision to dismiss a complaint under § 1915(e) for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Because Hester is proceeding pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).[1]

The district court concluded that Hester's discrimination claims fail as a matter of law based on Morton v. Mancari, 417 U.S. 535 (1974). In that case, the Supreme Court held that the Indian Preference, as applied to positions within the Bureau of Indian Affairs ("BIA"), "does not constitute 'racial discrimination.' Indeed, it is not even a 'racial' preference." Id. at 553. The Court concluded that the Indian Preference "is an employment criterion reasonably designed to further the cause of Indian self-government and to make the BIA more responsive to the needs of its constituent groups." Id.

---

[1] Hester contends that although the district court purported to construe his pro se filings liberally, it failed to do so. It is true that "[a] pro se litigant's pleadings are . . . held to a less stringent standard than formal pleadings drafted by lawyers" but "we do not believe it is the proper function of the district court to assume the role of advocate." Hall, 935 F.2d at 1110. We conclude that the district court properly interpreted Hester's pro se filings in accordance with established standards.

Hester takes exception to the district court's reliance on Mancari, arguing that although the BIA and Indian Health Service may apply the preference, the OST is not authorized to do the same. Given the Supreme Court's holding that the Indian Preference is not based on race, see id., we doubt that this assertion could salvage Hester's racial discrimination claim. In any event, Hester is incorrect in stating that the civil service exception permitting use of the "Indian Preference" in 5 C.F.R. § 213.3112(a)(7) applies only to the BIA and a limited number of other governmental units. Instead, it covers "[a]ll positions in the Bureau of Indian Affairs and other positions in the Department of the Interior directly and primarily related to the providing of services to Indians when filled by the appointment of Indians." § 213.3112(a)(7) (emphasis added); see also Excepted Service; Consolidated Listing of Schedules A, B, and C Exceptions, 74 Fed. Reg. 54,084, 54,088 (Oct. 21, 2009) (same); Excepted Service; Consolidated Listing of Schedules A, B, and C Exceptions, 74 Fed. Reg. 35,038, 35,041 (July 17, 2009) (same).

Hester relies on a prior interpretation of the phrase "Indian Office," under which the Indian Preference applied only to positions in the BIA and organizational subparts of the BIA that had been moved intact to other parts of the DOI. He submits a memorandum from a Deputy Solicitor to the Special Trustee to that effect. However, prior to the events at issue in this case, that narrower interpretation was rejected as an unreasoned departure from agency policy. See Indian Educators Fed'n Local 4524 of the Am. Fed'n of Teachers v. Kempthorne, 541 F. Supp. 2d 257, 265 & n.5 (D.D.C. 2008)

-4-

("Kempthorne I") ("[T]he term 'Indian Office' in Section 12 of the Indian Reorganization Act must be construed to mean positions in the Department of the Interior, whether within or without the Bureau of Indian Affairs, that directly and primarily relate to providing services to Indians when filled by the appointment of Indians.").

In both his appellate briefing and his filings before the district court, Hester insists that only one particular office within OST may apply the Indian Preference. "As indicated in the plain language of the federal statute that establishes the Indian [P]reference, however, the preference applies to 'positions' and not to 'organizational units.'" Indian Educators Fed'n Local 4524 of the Am. Fed'n of Teachers v. Kempthorne, 590 F. Supp. 2d 15, 18 (D.D.C. 2008). Hester failed to allege any facts suggesting the positions at issue do not qualify under the appropriate standard. And, as the R & R noted, the agency's classification of specific positions as eligible for the Indian Preference is entitled to substantial deference. See Kempthorne I, 541 F. Supp. 2d at 264-65 (discussing canons requiring deference to agency interpretation of ambiguous language and construal of statutes in favor of Native Americans). Accordingly, we affirm the district court's conclusion that Hester's discrimination claim fails as a matter of law.

Hester also argues that both the district court and this court improperly denied his motions for appointment of counsel. We review a district court's decision on a motion for appointment of counsel in a civil case for abuse of discretion. See Steffey v. Orman,

-5-

461 F.3d 1218, 1223 (10th Cir. 2006). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Id. (quotation omitted). Although Hester provides documentation indicating he is disabled, he has submitted lengthy and cogent filings in both the district court proceedings and this appeal. We discern no abuse of discretion in the district court's decision and reaffirm our denial of Hester's motion for appointed appellate counsel.

Finally, Hester argues that the magistrate and district court judges, and the court system as a whole, were biased against him due to his status as a pro se civil litigant. However, Hester relies entirely on adverse rulings in support of this argument. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and Hester has not shown that this case is an exception.

## III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-6-